IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:15-16192

ANKROM PROPERTIES, LLC,
a West Virginia limited liability company,
MICHAEL ANKROM, and
NANCY JOSEPH,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On December 16, 2015, Plaintiff Branch Banking and Trust Company (hereinafter BB&T) filed a Verified Complaint against Defendants Ankrom Properties, LLC, Michael Ankrom, and Nancy Joseph. In the Verified Complaint, BB&T alleges that Defendants defaulted on certain loans. Mr. Ankrom was served a copy of the Verified Complaint on January 15, 2016, and Dr. Joseph was served on January 6, 2016. As no Answer or other defense was filed, the Court entered default on February 9, 2016. ECF No. 8. The Court also directed BB&T to take the appropriate steps for entry of default judgment. *Id.* On February 26, 2016, BB&T filed its Motion for Entry of Judgment in an Amount Sum Certain Against Defendants Michael Ankrom and Nancy Joseph. ECF No. 16.

In the meantime, on February 22, 2016, the West Virginia Secretary of State returned the Summons for Ankrom Properties as unclaimed. ECF No. 14. Therefore, on February

24, 2016, the Court entered an Order directing BB&T to inform the Court how it intended to effectuate service. ECF No. 15. BB&T then served Mr. Ankrom on March 4, 2016, as the person designated for service of process on behalf of Ankrom Properties. ECF No. 19. Thereafter, Ankrom Properties also failed to Answer or otherwise defend the action. Thus, the Court entered default against Ankrom Properties on March 31, 2016.

On April 14, 2016, counsel filed a Notice of Appearance on behalf of Ankrom Properties and Mr. Ankrom, and filed a Motion to Set Aside Entry of Default. ECF Nos. 24 & 25. On April 18, 2016, BB&T filed a Motion for Entry of Judgment in an Amount Sum Certain against Defendant Ankrom Properties, LLC. ECF No. 26. BB&T also filed its opposition to Ankrom Properties and Mr. Ankrom's motion. The Court now must resolve these motions.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c), in part. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (applying Rule 55(c)) (citing *Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.")). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). To

help determine whether an entry of default should be set aside, the Fourth Circuit has stated that "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Applying these factors and principles to the current action, the Court finds the default should be lifted as to Mr. Ankrom and Ankrom Properties.

In their motion, Mr. Ankrom and Ankrom Properties assert they have a meritorious defense to the action because the parties negotiated agreements to forbear any collection actions against them. In reliance upon these agreements, Mr. Ankrom and Ankrom Properties assert they made payments and are attempting to refinance the loans to pay off the notes owed to BB&T. In addition, Mr. Ankrom and Ankrom Properties assert that, in refinancing the notes, they have relied upon BB&T's "good faith representation that it would only enter into legal action in order to 'technically' protect its rights[.]'" *Mot. to Set Aside Entry of Default*, at 2, ECF No. 25. After learning BB&T took a substantive action to achieve judgment, Mr. Ankrom and Ankrom Properties retained counsel to defend against the actions. Mr. Ankrom and Ankrom Properties further contend that BB&T will suffer little to no prejudice if the entry of default is set aside because they are close to having the loans refinanced.

Applying the criteria to set aside a default under Rule 55(c) to the allegations made by the parties, the Court finds Mr. Ankrom and Ankrom Properties have asserted a meritorious defense. Although BB&T ultimately may be successful in its action, the Court believes the details

of the parties' agreements and any reliance upon those agreements or other representations made by the parties are matters best reserved for discovery. Mr. Ankrom claims that once he learned BB&T was seeking a substantive judgment, rather than just "technically" protecting its interests, he retained counsel to defend the action. Counsel filed his Notice of Appearance and the Motion to Set Aside the Default only two weeks after this Court entered default against Ankrom Properties. Although there was an approximately two-month delay in Mr. Ankrom seeking relief from entry of default issued against him, the Court recognizes that he was acting *pro se* at the time and he implies that he did not understand the substantive nature of the proceeding. Any doubt this Court has to Mr. Ankrom's reason for his delay, however, does not outweigh the strong preference to have issues decided on the merits. Moreover, the Court finds BB&T will suffer little prejudice in allowing this case to proceed.

Accordingly, for good cause shown, the Court **GRANTS** Defendant Ankrom Properties, LLC and Michael Ankrom's Motion to Set Aside the Entry of Default (ECF No. 25), **DENIES** the Motion for Entry of Judgment in an Amount Sum Certain Against Defendant Ankrom Properties, LLC (ECF No. 26) and **DENIES** the Motion for Entry of Judgment in an Amount Sum Certain to the extent it is against Defendant Michael Ankrom. ECF No. 16. However, as that motion also seeks judgment against Defendant Nancy Joseph and Dr. Joseph has neither responded nor opposed the motion, the Court will address the motion with respect to Dr. Joseph in a separate Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:        September 8, 2016

        ROBERT C. CHAMBERS, CHIEF JUDGE